712

## THE C. J. SNYDER.
## THE J. G. ROSE.
### No. 17906.

District Court, E. D. New York.

June 12, 1947.

Purdy & Lamb, of New York City (Thomas J. Irving, of New York City, of counsel), for libellant.

Kirlin, Campbell, Hickox & Keating, of New York City (Robert S. Erskine, of New York City, of counsel), for respondent.

INCH, District Judge.

This is the usual suit in admiralty and the sole issue presented for decision is the question of whether the tug J. G. Rose and those in charge of her were negligent, and as a direct result of such negligence the scow C. T. Snyder, owned by libellant, was damaged and caused to sink. The decision of this issue is entirely one of fact, depending upon the testimony of witnesses who testified as to what actually occurred.

The libel, in substance, charges, that the scow Snyder on the morning of January 29, 1946, was tied up alongside a steamship. That about 9 a.m., after some of the cargo on the scow had been discharged by stevedores into said steamship, the tug J. G. Rose moved the scow from alongside the steamship, but in doing so negligently and carelessly caused the port bow corner of the scow to come into collision with the propeller of the steamship, thereby causing a hole to be put into the scow which shortly thereafter caused her to fill and sink.

The burden of proving this cause of action by a fair preponderance of evidence rested upon the libellant. In my opinion, the libellant has entirely failed to sustain this burden. My own impression of the witnesses for the tug Rose at the trial, was and is, that they correctly stated what occurred at the time in question and a careful consideration of all the testimony in the record confirms this impression, the facts being that the tug Rose and those in charge of her, at no time brought the scow or any part of her in collision with the propeller of the said steamship. On the contrary, both the credible testimony as well as the probabilities, indicate that whatever caused the barge to subsequently sink was not caused by any negligence on the part of the tug and may well have been caused by something else, to wit, either a lack of caulking above her usual water line, or the failure of the bargee to properly pump her, or probably both. Either or both of these things might have caused the sinking of the scow, but there is no proof that a collision with the propeller of the ship did so.

Accordingly, the libel is dismissed with costs. Submit findings of fact and conclusions of law.